**LUDWIG, Appellant, v. BOARD OF EDUCATION et, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6247.   Decided May 17, 1943.

Nieman, Fry, Schulze & Dreidame, Cincinnati, for appellant.
John D. Ellis, Cincinnati, and Edgar B. Traver, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal from the judgment of the Court of Common Pleas for the defendants, the Board of Education of the City School District of the City of Cincinnati, and its members, on an appeal under §7690-6, GC, from an order terminating the plaintiff's contract as a teacher in the public schools of the district.

The plaintiff had been employed as a teacher for about six years, and on January 16th, 1942, held a continuing teacher's con-

tract as authorized by §7690-1, GC. On May 29th, 1942, he was notified by the board that the Superintendent of Schools had recommended the termination of his continuing contract, and that pursuant to such recommendation this charge was made against him by the board:

"That you have persistently demonstrated an inability and in- capacity correctly to interpret and safely to assume the responsibility and authority that properly belongs to a teacher, in associations with and disciplinary control over school pupils. As a specific example, witness:

" 'That on January 16, 1942, you permitted two non-school adults (two enlisted men of the United States Army) to assist you, and to an appreciable degree, to take over the punishment of two pupils of Bloom Junior High School, to the definite physical injury of both, such that one (Thomas Johnson, Jr.) required the services of a physician and the other, (Robert Copeland), the services of a dentist.' "

Thereafter, a protracted hearing was conducted as requested by the plaintiff, at which he was represented by counsel, and the Board was represented by the city solicitor. At the conclusion of the hearing, the board found that the evidence established that the plaintiff aided and abetted the attack on the pupils by the soldiers, that he should have known that it was not permitted to others than teachers to administer corporal punishment to students in the school, that serious or even mortal injury might have resulted to the students, that he knew that the principal of the school possessed the authority to exclude recalcitrant students and that it could have been invoked in this case, and finally that his conduct constituted gross lack of judgment and a tempermental unfitness to exercise jurisdiction as a teacher over children of school age, and good and just cause for terminating his contract which was thereupon declared terminated.

This action was then filed by the plaintiff. At the trial in the Common Pleas Court a transcript of the original papers and evidence certified by the board was introduced in evidence, and the plaintiff accorded the right to introduce further evidence. Thereupon, the plaintiff offered the director of elementary schools as a witness who testified to an investigation made by him of the school shortly after the incident constituting the charge against the plaintiff. He testified that he had placed the results of his investigation in a report to the board. Neither the testimony of the witnesses nor the report shed any light on the charge against the plaintiff, unless it be in the fact that the report shows that because of the absence of a well-understood, unified code of discipline, enforced by the whole-hearted cooperative effort of the entire staff of teachers, the discipline was lax and the standard of deportment low, and that the plaintiff was endeavoring to correct that condition. The end in

view may have been laudable, but could not justify unlawful means. We believe, therefore, that we are justified in saying that the Common Pleas Court based its decision against the plaintiff on substantially the same evidence upon which the board had based its decision. Of course, the Common Pleas Court did not have the benefit of observing the witnesses in giving their testimony, as did the board.

On appeal to this court, the principal contention is that the plaintiff was denied a trial de novo in the Common Pleas Court to which, it is urged, he was entitled under §7690-6, GC, by which it is provided that:

"Any teacher affected by an order of termination of contract shall have the right of appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. Such appeal shall be an original action in said common pleas court and shall be commenced by the filing of a petition against such board of education, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract. Upon service or waiver of summons in said appeal, such board of education shall forthwith transmit to the clerk of said common pleas court for filing a transcript of the original papers theretofore filed with said board and a certified transcript of all evidence adduced at the hearing or hearings before such board, whereupon the cause shall be at issue without further pleading and shall be advanced and heard without delay. The common pleas court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record.

"Upon final hearing, the common pleas court shall grant or deny the relief prayed for in the petition as may be proper under the provisions of this act and in accordance with the evidence adduced in the hearing. Such an action shall be deemed to be a special proceeding within the purview of §12223-2, GC and either the teacher or the board of education may appeal therefrom."

The judgment finds generally for the defendants, but it is said that the opinion of the court incorporated in the bill of exceptions shows that the court took too narrow a view of the power and duty of the court. In this opinion, the court said:

"The court is of the opinion the legislature did not intend that the Common Pleas Court be substituted for the Board of Education, but rather sought to place around the teacher's enjoying the privilege of continuing contract, the right to have reviewed the action of the Board. * * * The court is of the opinion that the purpose

of this statute was to give to the teacher enjoying a continuing contract with the Board of Education protection against termination of his contract by caprice or as a result of any other emotion that sometimes actuate men, unsupported by facts."

Viewed in the light of the issues in this case does this language show that the court failed to give the plaintiff a review of the facts narrower than that provided by the law? We do not think so.

It is true that the relation between the plaintiff and the Board of Education was contractual, the obligation of which was protected against impairment by any state law by Section 10 of Article I of the Constitution of the United States and by the due process provision of the XIV Amendment. Indiana, ex Anderson v. Brand, 303 U. S. 95, Phelps v. Board of Education, 300 U. S. 319, 12 Am. Jur. 30.

But the plaintiff's right to continuous employment was not unconditional. The statute (§7690-6, GC) which is a part of the contract provides that the Board may terminate the contract "for gross inefficiency or immorality; for wilful and persistent violation of reasonable regulations of the board of education; or for other good and just cause."

And one of the terms of the contract was that the initial determination of whether the condition for termination should be made by the Board after a plenary hearing of which the teacher should be given notice and full opportunity to defend. If the conclusion of the Board was to have no weight, why this provision for such a hearing? If it was to have no greater effect than the ex parte rescission of a private contract by one of the contracting parties, it would seem that notice and opportunity to defend would be vain. And if the trial in the Common Pleas Court was to have none of the attributes of a review, why the requirement that the transcript of the record and evidence be certified by the Board and filed in the court? The fact is that we are dealing here not with a private contract, but with a public contract. One of the parties wields the power of the state in the field of education and the contract was made with the knowledge of that fact and that the contractual relation should not and could not restrict it in the proper exercise of its governmental power and duty. The plaintiff knew that he was contracting with a governmental agency exercising power which it could not barter away. 12 Am. Jur., 54. It was in recognition of this fact that the provision for termination of the contract under given conditions was incorporated into the contract. And in passing upon the existence of the conditions, the Board acted in a governmental capacity, as an agency of the administrative branch of the government, and not in a judicial capacity, or as one of the contracting parties. Its decision has the same legal effect as though it related to a matter concerning which it had not contracted, but as to which it had been given authority to render an administrative de-

cision. Under the constitution its decision could not be made final and conclusive. Some judicial control of such decisions is required to exclude arbitrary action, but, beyond that minimum the extent of judicial review is dependent upon legislative action conferring power upon the courts and the constitutional capacity of the courts to receive it.

In **Stanton v. State Tax Commission, 114 Oh St 658, at 680,** it was stated that:

"If the proceeding involves a ministerial, executive, or political function, no legislative fiat can make it a matter of judicial cognizance, unless the agencies charged with performance of the function proceed in an unlawful manner."

It is in the light of this incapacity to receive the power that the terms of the law must be construed. And so construed it is clear that the legislature did not intend to confer upon the court the power to exercise original administrative jurisdiction to determine whether a teacher's conduct had been such as to furnish "good and just cause" for terminating his contract in order to promote the welfare of the schools. Without elaborating further, we refer to **Linch v. Heuck, Auditor, 58 Oh Ap 406, Provident Savings Bank & Trust Co. v. Tax Commission, 10 OO 469,** and **Kearns v. Sherrill, 63 Oh Ap 533,** as cases in which the judges of this court have stated their conclusions as to the limits of the power of the constitutional courts to accept jurisdiction to review the action of administrative agencies.

Counsel cites and relies somewhat upon **Jones v. State Board of Barber Examiners, 140 Oh St 343, 44 N. E. (2d) 358,** as having a similarity to the case at bar. The statute there considered (**§1081-18, GC**) provided for an original action to set aside the action of the board of barber examiners on the ground that it was "unreasonable or unlawful." The Common Pleas Court held that the action was an appeal on questions of law only and refused to hear any evidence other than that which had been before the board, and affirmed the action of the board. This was reversed by the Court of Appeals and its judgment was affirmed by the Supreme Court. The Supreme Court said:

"We, therefore, hold that **§1081-18, GC,** authorizes the bringing of an original action wherein the trial court is required to hear and take into consideration any competent, material evidence proffered by the parties on such hearing."

The court did not have before it and did not decide the question of the extent of the review or the purpose for which evidence could be introduced. Indeed, in that statute the extent of the power of the court was clearly stated. The court was only authorized to disturb the action of the board of barber examiners upon a finding

that it was "unreasonable or unlawful."

In the case at bar the plaintiff was accorded the right of which the plaintiff was denied in the case of Jones v. State Board, i. e., to introduce additional evidence. And the statute in that case states the scope of the issue before the court substantially as stated by the trial court in this case.

We find no error in the record and the judgment is affirmed.

ROSS, P. J., and HILDEBRANT, J., concur.