HARRIS, APPELLEE, *v.* BOARD OF EDUCATION OF SOUTHWESTERN CITY SCHOOL DISTRICT, APPELLANT.

(No. 6450—Decided March 7, 1961.)

*Messrs. McLeskey & McLeskey*, for appellee.
*Mr. Thomas W. Applegate*, for appellant.

DUFFY, J. This appeal presents the question regarding the type of appeal contemplated by the Legislature in the adoption of Section 3319.16 of the Revised Code of Ohio (formerly Sections 4842-12 and 7690-6, General Code), wherein a teacher whose contract has been terminated by a local board of education is granted an appeal to the Court of Common Pleas of the county in which the school is located.

Richard L. Harris, appellee herein, was employed as a teacher by the Southwestern City School District. On September 21, 1959, the Board of Education of Southwestern City School District, appellant herein, passed a resolution to notify Harris that it intended to consider termination of his contract. Harris was so notified on September 28, 1959, and a public hearing was held before the board on November 18, 19, 23 and 24, 1959. On December 21, 1959, the board passed a resolution terminating Harris' contract, which order was made effective February 1, 1960. On February 1, 1960, Harris received notice of the action of the board, and on that date he filed his petition in the Court of Common Pleas of Franklin County, Ohio.

The Court of Common Pleas reversed the order of the board and restored Harris to his position as teacher in the said school district.

From the order of the Common Pleas Court, the board has appealed to this court, listing three assignments of error: (1) That the decision of the Common Pleas Court was contrary to law; (2) that it was against the manifest weight of the evidence; and (3) that the court violated Article VI, Section 3, of the Constitution of Ohio in exercising the power of reversal of the school board.

The appellant contends that the judge of the Common Pleas Court granted the teacher a trial de novo and that all he was entitled to was a judicial review of the determination of the board to terminate his contract.

Section 3319.16, Revised Code, in regard to the appeal from the order of the board to the Common Pleas Court, reads in part:

"Any teacher affected by an order of termination of contract may appeal to the Court of Common Pleas of the county

in which the school is located within thirty days after receipt of notice of the entry of such order. *Such appeal shall be an original action in said court and shall be commenced by the filing of a petition against such board*, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract. Upon service or waiver of summons in said appeal, such board shall forthwith transmit to the clerk of said court for filing a transcript of the original papers theretofore filed with said board and a certified transcript of all evidence adduced at the hearing or hearings before such board, whereupon the cause shall be at issue without further pleading and shall be advanced and heard without delay. The court shall examine the transcript and record of the hearing before the board and shall hold such additional hearings as it deems advisable, at which it may consider other evidence in addition to such transcript and record.

"Upon final hearing, the court shall grant or deny the relief prayed for in the petition as may be proper in accordance with the evidence adduced in the hearing. Such an action is a special proceeding within the purview of Section 2505.02 of the Revised Code and either the teacher or the board may appeal therefrom." (Emphasis added.)

It is apparent that that statute has caused arguments among the various judges of the Supreme Court of Ohio. See *Roller* v. *Young et al., Board of Edn.*, 147 Ohio St., 13, 67 N. E. (2d), 710, and *Powell* v. *Young et al., Board of Edn.*, 148 Ohio St., 342, 74 N. E. (2d), 261.

In the *Roller case* the six judges who participated in the decision were equally divided, three holding that the section provided for a *de novo* proceeding, and three holding the opinion "that such review by the Court of Common Pleas is limited to a determination by that court of whether the grounds for the termination of the contract were fairly and lawfully found by the board of education to have existed." In that case, the Court of Common Pleas permitted the teacher to introduce additional testimony. But in the *Powell case* it is not indicated that additional testimony was received in the Court of Common Pleas, and the Supreme Court, in the first paragraph of the syllabus, held that the right granted by this section (now Section 3319.16,

Revised Code) to a teacher, affected by an order of a board of education terminating her contract, "to appeal from such order to the Court of Common Pleas is not a right to a trial *de novo*, but is a right to a review of such order as provided in such section."

Judge Stewart, in his opinion, stated:

"There are two questions which must be decided by this court.

"(1) Whether the appeal provided in Section 7690-6, General Code [now Section 3319.16, Revised Code], should have been heard as a case *de novo* by the Court of Common Pleas or whether such appellate provision provided simply a review by the court, and confined the court to questions affecting the jurisdiction of the board, the regularity of its proceedings and, as to the merits of the controversy, whether the order or determination in a particular case was arbitrary, oppressive, unreasonable, fraudulent or under an erroneous theory of the law, or without sufficient evidence to support it."

His answer to this question is summarized in the following paragraph:

"It seems to us that the General Assembly intended the appeal provision in Section 7690-6, General Code, to be confined to a judicial review of the proceedings of the board of education and to give the court discretion to hold further hearings to be certain that the proceedings before the board were legally regular and not arbitrary, oppressive, unreasonable or fraudulent; and that it was not the intention of the General Assembly to provide a trial *de novo*."

While that is a most unusual description of an "original action," it is, so far as we have been able to determine, the last interpretation of Section 3319.16, Revised Code (formerly Sections 4842-12 and 7690-6, General Code), and does limit the Court of Common Pleas to a review of the record made in the administrative proceedings.

Since the Court of Common Pleas held a *de novo* hearing in this case, we are of the opinion that the case must be remanded to the Court of Common Pleas for a "judicial review," as described in the case of *Powell v. Young et al., Board of Edn., supra*.

As it is possible that the Common Pleas Court will reach the same conclusion after a "judicial review," we do not feel that the other assigned errors should be passed upon by this court until the Court of Common Pleas has had an opportunity to make its "judicial review" and decision.

The judgment of the Court of Common Pleas will be, and hereby is, reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

DUFFEY, P. J., and BRYANT, J., concur.

DUFFEY, P. J., concurring. The action of the trial court in making a *de novo* determination seems a reasonable interpretation of its duties under Section 3319.16, Revised Code. That statute contemplates two possible procedures: (1) A determination based on transcripts of the original papers and the evidence before the board, and (2) a determination based on that material, plus additional evidence (where the judge accepts additional evidence).

The case of *Roller* v. *Young et al., Board of Edn.*, cited *supra*, contains several statements on the scope of the trial court's duties. However, a majority there found an error which required reversal under any of the views expressed. It should also be noted that in the *Roller case* the court was evenly divided with respect to the dictum and, further, that under the facts there, additional evidence had been introduced.

In *Powell* v. *Young et al., Board of Edn.*, cited *supra*, the report does not indicate that any additional evidence was accepted. Paragraph one of the syllabus, and the result, constitutes a holding that a *de novo* determination cannot be made under those circumstances. Therefore, this court must reverse in the present case.

The syllabus in the *Powell case* does not state what standard should be followed. On determinations of fact, the principal opinion contains three statements bearing on the standard —that the question before the court was whether a finding of the board was "without sufficient evidence to support it," that a "judicial review" is to be made, and that the findings of the

board were "not against the manifest weight of the evidence." In the *Roller case*, the opinion contains dictum that some of the court felt the standard was whether the board's determinations were "fairly and lawfully" made.

"Judicial review" of fact findings by the board, where the court's review is concerned only with the evidence before the board, would appear to mean that the Common Pleas Court must determine whether the board's findings were against the manifest weight of that evidence.