HALE, APPELLEE, *v.* BOARD OF EDUCATION, CITY OF LANCASTER, OHIO, APPELLANT.

(No. 41008—Decided March 6, 1968.)

*Mr. G. Gene Jackson,* for appellee.
*Mr. John T. Huddle,* for appellant.

TAFT, C. J. One of the two questions raised in this appeal is whether the board of education could properly consider away-from-school conduct in determining "other good and just cause" for termination of a teacher's contract. Since the appellee concedes that the board may, it is unnecessary to pass upon that question.

The other question raised in this appeal is "whether the board of education acted arbitrarily and unreasonably

in finding that'' Hale's ''conduct and * * * performance * * * in totality, constituted 'other good and just cause' for termination of'' his teaching contract ''as provided by Section 3319.16, Revised Code.''

The statement of this question is apparently predicated upon conclusions that the Common Pleas Court can reverse action of a board of education in terminating a teacher's contract only where it can determine that the board acted ''arbitrarily *and* unreasonably''; and cannot so reverse, as it is claimed to have done in the instant case, by determining that the action of the board is not supported by or is against the weight of the evidence.

Thus, we believe that the question is raised as to whether the Common Pleas Court may reverse the order of a board of education to terminate a teacher's contract, where it finds that such order is not supported by or is against the weight of the evidence. In our opinion, it may.

The board's contention, that it may not, is supported by the Common Pleas Court opinion in *Appelbaum* v. *Wulff* (Cuyahoga County 1950) 42 Ohio Opinions 434, and the Court of Appeals opinion in *Ludwig* v. *Board of Education* (Hamilton County 1943) 72 Ohio App. 437, 52 N. E. 2d 765.

However, Section 3319.16, Revised Code, specifically recognizes the authority of the Common Pleas Court to weigh the evidence on an appeal from an order of a board of education terminating a teacher's contract, by stating that ''the court shall grant or deny the relief prayed for in the petition [here, reversal of the board's order terminating the contract] as may be proper *in accordance with the evidence adduced.*''

The holding of this court in paragraph one of the syllabus of *Powell* v. *Young* (1947), 148 Ohio St. 342, 74 N. E. 2d 261, that an appeal under what is now Section 3319.16, Revised Code, does not include ''a right to a trial *de novo*,'' does not mean that the court on such appeal cannot weigh the evidence.

Generally, a trial *de novo* enables an appellate tri-

bunal to retry the facts and substitute its judgment thereon for the judgment appealed from. It does not follow that a statute may not empower an appellate tribunal to do this on an appeal which does not involve a trial *de novo*. *Andrews* v. *Board of Liquor Control* (1955), 164 Ohio St. 275, 280, 131 N. E. 2d 390. See *Harris* v. *Board of Education* (Franklin County 1961), 113 Ohio App. 187, 191, 192, 177 N. E. 2d 613.

That the Common Pleas Court can weigh the evidence on an appeal pursuant to what is now Section 3319.16, Revised Code, is recognized specifically throughout the opinion of the *Powell case,* as indicated by the following excerpts therefrom:

[Page 353] "Upon appeals to the Court of Common Pleas * * * it was held that the decisions of the board were not against the manifest weight of the evidence.

"The judgments of the Common Pleas Court were affirmed by the Court of Appeals.

"Since this court does not weigh the evidence in such cases * * *."

[Page 355] "* * * since * * * two intervening courts have failed to disturb those findings upon the weight of the evidence, such findings are conclusive upon this court."

[Page 359] "* * * the law of Ohio has provided * * * that the decision of the board of education may be fully reviewed by the courts."

[Page 360] "* * * In the reviews by the Court of Common Pleas it was held that the decisions of the board of education were not against the manifest weight of the evidence."

See also *Fowler* v. *Young* (Mahoning County 1945), 77 Ohio App. 20, 36, 65 N. E. 2d 399.

The legislative purpose, generally to authorize a Common Pleas Court to weigh the evidence on an appeal from an administrative agency, is indicated by other statutes, as well as by our decisions construing them. Thus, after the holding of this court in *Farrand* v. *State Medical Board* (1949), 151 Ohio St. 222, 85 N. E. 2d 113, the General

Assembly amended what is now Section 119.12, Revised Code, to provide for such authority. *Andrews* v. *Board of Liquor Control, supra* (164 Ohio St. 275, paragraph one of syllabus). Furthermore, in adopting Section 2506.04, Revised Code, in 1957, the General Assembly even used the words "preponderance of * * * evidence" to emphasive this purpose.

In endeavoring to support its charge that Hale's classroom conduct was inefficient, the board offered his school principal as a witness. He testified that Hale was a new teacher; that he visited Hale's class shortly after the school term started and made several suggestions; and that some of those suggestions were followed but that two were not, *i. e.*, (1) Hale did not discontinue sitting at his desk when giving class instructions and lectures, and (2) he did not properly modulate his voice.

However, the principal apparently did not thereafter revisit the class room, except for a few seconds on each of a very few instances, or raise any question as to Hale's inefficiency in the classroom, until after the December 6 incident. The principal also testified that Hale gave a greater percentage of D's and E's in his mathematics course than was the usual percentage in the school for those grades. However, he admitted that there was no regulation with regard to what percentage of those grades should be given. Also, he conceded that the question, as to whether Hale's teaching was effective, could be determined only by testing his students, and that there had been no such testing.

The superintendent of schools testified that nothing about Hale's inefficiency as a teacher had been called to his attention before the December 6 automobile incident.

It is obvious that the evidence would not support a finding of the "*gross* inefficiency" required by Section 3319.16, Revised Code.

As to the other charge, on Sunday afternoon, December 6, 1964, the right front fender of Hale's automobile struck the left rear fender of an unoccupied parked automobile

but there is no evidence of any appreciable damage to the parked car or of any substantial damage to Hale's car. The Common Pleas Court could have found that the evidence did not reasonably support the charge that Hale was intoxicated at the time of this incident, or even that he had had a drink before it happened.

Hale knew he had struck the other car but denied doing so both to a witness who followed him and to a police officer who later arrested him. Hale left the scene of the accident without stopping or filing a report. He was arrested and charged under a city ordinance with being knowingly involved in an accident and failing to stop and furnish the required information about it. He entered a plea of "no contest," was found guilty and was fined $50 and given a 10-day jail sentence, which was suspended.

Thus, the Common Pleas Court would have been justified in finding that Hale knew that the fender of the automobile that he was driving had had a slight collision with the fender of an unoccupied parked automobile but denied this to a witness and to a police officer; and that he left the scene of the collision without stopping and leaving his name and address and was convicted under a city ordinance for doing so.

This conduct is also prohibited by Section 4549.02, Revised Code, and is punishable as a misdemeanor. Section 4549.99, Revised Code.

We recognize that what Hale did, in leaving the scene of the accident and in denying to the witness and the police officer his part therein, may adversely reflect upon his character and integrity. However, in our opinion, this single isolated incident on December 6, 1964, would not represent, within the meaning of Section 3319.16, Revised Code, "other good and just cause" for termination of Hale's contract as a teacher.

In construing the words, "other good and just cause," we note that they are used with the words "gross inefficiency or immorality" and "willful and persistent violations" of board regulations. In our opinion, this indi-

cates a legislative intention that the "other good and just cause" be a fairly serious matter. Thus, where only a single crime is involved, the crime would either have to be a more serious one or involve a more serious fact situation than that here involved.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, HERBERT, SCHNEIDER and BROWN, JJ., concur.

DUFFY, J., concurs in paragraph one of the syllabus and in the judgment.

O'NEILL, J., dissents.

DUFFY, J., of the Tenth Appellate District, sitting for MATTHIAS, J.