FLORIAN, APPELLANT, v. HIGHLAND LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

(No. 1203 — Decided March 16, 1983.)

*Ronald G. Macala,* for appellant.
*Donald C. Scriven,* for appellee.

MAHONEY, P.J. Plaintiff-appellant, James T. Florian, appeals the judgment of the lower court affirming the termination of his teaching contract by the Highland Local School District Board of Education ("the board") pursuant to R.C. 3319.16. We affirm.

James T. Florian has been a teacher in Ohio for approximately fifteen years. He has been a guidance counselor in the Highland Local Schools and head wrestling coach of the varsity wrestling team since 1973. In 1981, Florian held a continuing contract in his counseling position and a limited contract as a wrestling coach. The record indicates that, until December 1981, he did a commendable job in both capacities.

On December 11 and 12, 1981, Florian, in his capacity as head coach, accompanied the Highland Wrestling Team to the Revere Invitational Tournament. During the tournament, Florian, on two separate occasions, instructed a freshman team member to weigh-in under the weight class of another team member so that the latter member, who was overweight, could wrestle in his weight class. When subsequently confronted with these allegations, Florian admitted his wrongdoing and voluntarily resigned his position as wrestling coach. However, the board initiated proceedings pursuant to R.C. 3319.16 to terminate his continuing counseling contract as well.

Florian demanded and received a hearing before an impartial referee concerning the proposed termination. The referee found that the conduct was "* * * directly related to the performance of the teacher's duties for the Board and directly involved students in the context of a school related activity, meets the requisite character of immorality and other good and just cause, to warrant termination in accordance with the statute."

Notwithstanding Florian's past performance record, the referee further found that Florian's effectiveness as a teacher and guidance counselor had been substantially impaired and recommended termination of appellant's continuing contract.

At a special meeting held on May 24, 1982, the board voted to accept the referee's recommendation and ter-

minated Florian's employment. On June 23, 1982, Florian petitioned the Medina County Court of Common Pleas asking that court to review the record and either to reverse the board's decision or, in the alternative, to modify the termination order by imposing a less severe penalty. The board moved for summary judgment contending that the facts were undisputed and that it was entitled to judgment as a matter of law. The lower court agreed and granted appellee's motion.

Florian appeals to this court contending:

"1. The trial court committed prejudicial error in concluding that appellant's conduct constituted immorality under Ohio Revised Code § 3319.16.

"* * *

"6. The trial court committed prejudicial error in failing to conclude that the decision to terminate appellant's contract was contrary to and against the manifest weight of the evidence.

"7. The trial court committed prejudicial error in concluding that appellant's conduct under his supplemental limited contract as wrestling coach could be utilized as a basis for terminating his continuing contract of employment as a guidance counselor.

"8. The trial court committed prejudicial error in failing to conclude that the 'immorality' provisions contained in § 3319.16 are over broad, vague and, therefore, unconstitutional."

R.C. 3319.16 provides in pertinent part:

"The contract of a teacher may not be terminated except for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the board of education; or for other good and just cause. * * *"

In *Jarvella* v. *Bd. of Edn.* (1967), 12 Ohio Misc. 288, 290 [41 O.O.2d 423], the court said:

"In providing standards to guide school boards in placing restraints on conduct of teachers, the Legislature is concerned with the welfare of the school community. Its objective is the protection of students from corruption. This is a proper exercise of the power of a state to abridge personal liberty and to protect larger interests. But reasonableness must be the governing criterion. The board can only be concerned with 'immoral conduct' to the extent that it is, in some way, inimical to the welfare of the school community. * * *"

We agree that, in order to constitute immorality and good and just cause within the statutory meaning of those terms, the conduct complained of must be hostile to the school community and cannot be some private act which has no impact on the teacher's professional duties.

In the instant case, Florian's conduct was directly related to his professional responsibilities and directly involved his students in the context of a school-related activity. Further, the referee found that:

"* * * As a counselor, his duties include advising students concerning their difficulties and problems. Presumably, he should be advising them along the lines of generally accepted standards of morality and the difference between right and wrong as well as obedience to law and rules.

"* * *

"What the teacher's conduct in this case may have taught his students is that if the rules or conditions of play are unfair, expediency mandates creative, albeit illegal solutions. It is not desirable to have students exposed to such a lesson.

"As a teacher, guidance counselor, and especially coach, Florian had a vitally significant additional responsibility — that of a role model for his team members. The example he set is not compatible with what should be taught. The referee is persuaded that an individual possessing that responsibility

and committing the actions involved here has had his effectiveness as a teacher and guidance counselor substantially impaired."

Clearly, Florian's conduct is hostile to the school community and impacts on his professional achievement. In short, appellant's conduct falls squarely within the meaning of R.C. 3319.16.

The facts of this case are not in dispute. On December 11, and again on December 12, 1981, appellant instructed one of his freshman wrestlers to misrepresent his status by weighing in for an older wrestler so that the latter, overweight boy could participate in the tournament. Appellant admits that he instructed the student to lie, to break the rules and, in essence, to cheat. He also admits that he put the younger student in a difficult position and, perhaps, to some extent damaged the boy's self-esteem. Thus, we find no merit in appellant's manifest weight argument.

Florian challenges the constitutionality of R.C. 3319.16 arguing that the decision to terminate his contract was based on an abstract concept of immorality with no nexus to his continued ability to teach. Appellee points out that, because appellant failed to attack the statute's constitutionality below, he is precluded from raising this issue in the instant appeal. We find this contention to be well-taken. However, in light of the discussion above, we find no constitutional infirmities. * * *[1]

## Assignments of Error 3 and 5

"3. The trial court committed prejudicial error in failing to conclude that appellant had been denied due process of law because of the bias and prejudice of the board of education."

"5. The trial court committed prej-

---

[1] Reporter's Note: The text of the opinion as it appears herein has been abridged by Presiding Judge Mahoney.

udicial error in refusing to permit appellant to introduce additional evidence in this case and/or refusing to continue action on the board's motion for summary judgment pending additional discovery by appellant."

R.C. 3319.16 states in part:

"* * * The court shall examine the transcript and record of the hearing and shall hold such additional hearings as it deems advisable, at which it may consider other evidence in addition to the transcript and record."

Thus, the decision to permit additional evidence is within the sound discretion of the trial court.

In the instant case, Florian requested that the court admit additional evidence on the issue of community reaction to his misconduct. As discussed above, we find no abuse of discretion in declining to hear this testimony.

Appellant also requested that the court consider additional evidence relevant to his contention that the board's decision was based on three members' personal prejudice and bias. At the conclusion of his report, the referee said:

"The foregoing notwithstanding, it is apparent from the evidence that at least two and perhaps three present members of the Board who took office in January, 1982, (but at the time of the incidents at issue occurred, had some previous involvement with Florian) participated extensively in the investigation and persuasion of the members of the public, students, parents and members of the then Board of Education and administration to initiate these proceedings. * * * The full extent of their involvement was not developed in the record. Nevertheless the Referee believes that there is enough in the record to suggest the strong probability that these then members-elect, who now sit on the Board to which this Report and Recommendation is directed and which Board will decide the issue, have, based on their prior conduct involving

Florian and their activist role in initiating and furthering these proceedings, an interest which will impair their ability to or preclude them from exercising the open state of mind essential to a fair and impartial consideration of this Report and Recommendation. * * *''

He then recommended that the three board members ''* * * re-examine their involvement and interest in this matter and determine whether they are sufficiently disinterested, impartial and unbiased so as to be able to decide this matter with the objectivity it deserves. * * *''

In his petition to the lower court, Florian charged in essence that these three members had not reexamined their involvement and that the decision to adopt the referee's recommendation and to terminate was based on personal animosity and not on appellant's professional abilities.

The ultimate decision to terminate or not to terminate a tenured teacher's contract rests with the local school board. While the referee's recommendation should be given considerable weight, the board may not merely "rubber stamp" the referee's conclusion. Rather, the board must make an independent decision based on the needs and requirements of the students and the community that it serves.

We find no impropriety in one or more board members' conducting a private investigation prior to the hearing and forming an opinion based on the evidence so gleaned. See *Sorin* v. *Bd. of Edn.* (1974), 39 Ohio Misc. 108 [68 O.O.2d 270]; *Jarvella* v. *Bd. of Edn., supra.* However, we also believe that the teacher has the right to have the board base its ultimate decision on the merits of the case and not on personal ill will.

The facts in the instant case clearly support the referee's recommendation to terminate Florian's contract. We find nothing to indicate that the board's decision was not based on the facts and on each member's honest belief that he or she was acting in the best interests of the students and the school community.

Accordingly, we overrule all of appellant's assignments of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.