STELZER, Appellant,

v.

**STATE BOARD OF EDUCATION, Appellee.**

[Cite as *Stelzer v. State Bd. of Edn.* (1991), 72 Ohio App.3d 529.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–90–3.

Decided Feb. 15, 1991.

*James R. Kirkland,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Christopher M. Culley,* Assistant Attorney General, for appellee.

THOMAS F. BRYANT, Presiding Judge.

Appellant Barbara Stelzer appeals from a judgment entered by the Common Pleas Court of Auglaize County affirming an adjudicative order of the Ohio State Board of Education revoking her teaching certificate.

From 1981 through 1987 appellant and her husband illegally received $43,290.90 in welfare benefits as a result of falsified welfare forms. On September 19, 1988, appellant was convicted of receiving stolen property, a felony of the fourth degree. Pursuant to R.C. 3319.31(B), appellant's conviction was reported to the State Board of Education ("the Board"). The Board notified Stelzer of its intent to suspend or revoke her teaching license and of her right to be heard on the matter. A hearing before a court appointed referee was held February 27, 1989. In his report and recommendation to the

Board, the referee found Stelzer to be culpable; however, he recommended that her teaching certificate not be revoked for the following reasons: she had no active participation in the fraudulent scheme; the crime had no relation to her duties as a teacher; and she had the support of her employer, administrators, and coworkers.

The Board rejected the referee's recommendation, passing a resolution on May 8, 1989 to revoke Stelzer's teaching certificate, stating "the testimony of Barbara D. Stelzer lacks credibility and the seriousness of the offense of her involvement in a scheme of fraud and deceit for over five years, is conduct unbecoming the position of a teacher."

Stelzer appealed the Board's adjudicative order to the Common Pleas Court of Auglaize County. The trial court, finding the decision of the Board to be supported by sufficient evidence, affirmed the order of the Board.

It is from this judgment which appellant now appeals, asserting three assignments of error, the first of which is:

"The trial court erred by not finding that the state board's rejection of the referee's recommendation without showing an absence of evidence supporting such recommendation was not in accordance with law."

■ The scope of our review of the trial court's decision in this administrative appeal is limited to whether the trial court abused its discretion when affirming the Board's adjudicative order. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 243–244, 463 N.E.2d 1280, 1282–1283. See, also, *Gross v. LeRoi Div., Dresser Industries* (Jan. 15, 1991), Shelby App. No. 17–89–21, unreported, 1991 WL 3598. Thus, upon review, we must find more than an error of law or judgment. The trial court's attitude must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. See, also, *Perkins v. Gosche* (Sept. 14, 1990), Seneca App. No. 13–89–15, unreported, 1990 WL 131971. We hold the trial court did not abuse its discretion when affirming the order of the Board.

■ Appellant's teaching certificate was revoked pursuant to R.C. 3319.-16, which states in pertinent part:

"After consideration of the referee's report, the board, by majority vote, may accept *or reject* the referee's recommendation on the termination of the teacher's contract." (Emphasis added).

The Board is not required to follow the recommendations of the referee. See *Graziano v. Amherst Village Bd. of Edn.* (1987), 32 Ohio St.3d 289, 293, 513 N.E.2d 282, 285. The referee's primary purpose is to serve as a fact finder for the Board. It is the Board which reviews the findings and

determines the final conclusions of law. The Board's standard of review requires an acceptance of the referee's findings unless such findings are against the preponderance of evidence. In contrast, the referee's recommendations are to be given due deference, yet they are not to be merely rubber stamped by the Board. See *Aldridge v. Huntington Local Sch. Dist. Bd. of Edn.* (1988), 38 Ohio St.3d 154, 157, 527 N.E.2d 291, 293–294. The record does not reflect that the Board rejected the referee's findings of fact; it merely reflects that the Board reached a conclusion of law which differs from that of the referee.

■ Appellant argues that the Board, in rejecting the referee's recommendation, should have articulated with particularity its reasons for doing so. In its resolution, the Board stated as its reason for rejecting the referee's recommendation and revoking Stelzer's certificate her lack of credibility and the seriousness of her offense. Appellant argues these two reasons do not sufficiently state a basis upon which to reject the referee's recommendation. We disagree. The Board had all necessary facts before it when reaching its legal conclusion. The trial court's affirmation of this conclusion is not an abuse of discretion as there is credible evidence in the record to support the findings of the Board. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. See, also, *Perkins v. Gosche, supra.*

Therefore, appellant's first assignment is not well taken and is overruled.

Appellant asserts as her second assignment of error:

"The trial court erred by not reversing the resolution because it is not supported by reliable, probative or competent evidence and/or is not in accordance to law."

■ Appellant's assigned error relies on the Board's failure to find a nexus between her criminal conduct and her teaching position. Appellant asserts that an individual can be removed from the teaching profession only upon a showing that her retention in the profession poses a significant danger of harm to either students, school employees, or others who might be affected by her actions as a teacher. *Morrison v. State Bd. of Edn.* (1969), 1 Cal.3d 214, 235, 82 Cal.Rptr. 175, 191, 461 P.2d 375, 391. The Ohio Supreme Court has not adopted such a nexus requirement when interpreting R.C. 3319.31(A).

The case law upon which appellant relies to urge the finding of a nexus requirement in R.C. 3319.31(A) is distinguishable from the present case. In the case *sub judice,* appellant was convicted of committing a felony, a crime far more serious than the conduct in the cases on which appellant relies. The Ohio Supreme Court in *Hale v. Bd. of Edn.* (1968), 13 Ohio St.2d 92, 98–99, 42 O.O.2d 286, 290, 234 N.E.2d 583, 587, opined that when construing the words

"other good and just cause" the matter referred to must be fairly serious. In *Hale*, the commission of a misdemeanor, although reflecting on the character and integrity of the party, is not sufficient to constitute "just cause." We believe the continued receipt of stolen property over a period of five years to be a serious matter which constitutes conduct unbecoming the position of a teacher, as a teacher, and hence, just cause for discharge. Accordingly, we hold that the trial court did not err in affirming the Board's resolution, because that decision is supported by competent evidence in the record.

Appellant's second assignment of error is without merit and is overruled.

Appellant asserts as her third and final assignment of error:

"Assuming arguendo that the evidence supports a finding of 'conduct unbecoming' to a teacher, the penalty phase of the order was not supported by reliable, probative and substantial evidence and is not in accordance with law."

R.C. 3319.31(A) specifically provides for the revocation of a teaching certificate should the holder of such certificate be found guilty of conduct unbecoming her position. Appellant was found guilty of such conduct. Thus, pursuant to R.C. 3319.31, we believe the trial court did not abuse its discretion when affirming the Board's revocation of Stelzer's teaching certificate, as such penalty is specifically provided by law.

Appellant's third assignment of error is without merit and we overrule it.

Accordingly, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.