[Cite as *DeVito v. Clear Fork Valley Local Schools Bd. of Edn.*, 2022-Ohio-3894.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KIRSTEN DEVITO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| BOARD OF EDUCATION OF THE | : | |
| CLEAR FORK VALLEY LOCAL | : | |
| SCHOOLS | : | Case No. 2022 CA 0025 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Case No. 2021-CV-0097



JUDGMENT:    Affirmed




DATE OF JUDGMENT:    October 31, 2022




APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

DENNIS L. PERGRAM                       KARRIE M. KALAIL
NANCY K. KRUEGER                        SHERRIE C. MASSEY
50 North Sandusky Street                6480 Rockside Woods Boulevard S.
Delaware, OH  43015-1926                Suite 300
                                        Cleveland, OH  44131

*Wise, Earle, P.J.*

{¶ 1}  Plaintiff-Appellant, Kirsten DeVito, appeals the March 2, 2022 judgment entry of the Court of Common Pleas of Richland County, Ohio, overruling her administrative appeal.  Defendant-Appellee is Board of Education of the Clear Fork Valley Local Schools.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  Appellant was employed by appellee as a principal pursuant to a contract due to expire on July 31, 2019.  In September 2018, appellant received a letter from appellee setting forth five grounds for termination containing ten specifications.  A twelve-day hearing before a referee was held over several months.  By report and recommendation dated July 4, 2020, the referee recommended the termination of appellant's contract for good and just cause.  In a letter dated February 12, 2021, appellee notified appellant it had terminated her employment contract.

{¶ 3}  Appellant appealed the decision to the Court of Common Pleas.  By judgment entry filed March 2, 2022, the trial court affirmed appellee's decision and overruled appellant's appeal in its entirety.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}  "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT FINDING THAT THE BOARD VIOLATED MRS. DEVITO'S RIGHTS UNDER R.C. 3319.16."

II

{¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT FINDING THAT THE BOARD WAS OBLIGATED TO GIVE MRS. DEVITO AN OPPORTUNITY TO CHANGE HER CONDUCT."

III

{¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY HOLDING THAT UNDER THE FACTS OF THE CASE, THE BOARD WAS NOT REQUIRED TO CONSIDER MRS. DEVITO'S EMPLOYMENT RECORD IN MAKING A DECISION OF TERMINATION."

IV

{¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT REVERSING THE ORDER OF TERMINATION BECAUSE THE ORDER OF TERMINATION IS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE, IS AGAINST THE WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW."

V

{¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT REVERSING THE ORDER OF TERMINATION WHERE IT WAS ESTABLISHED THAT THE BOARD HAD NOT READ THE ENTIRE TRANSCRIPT."

STANDARD OF REVIEW

{¶ 10} As held by the Supreme Court of Ohio in *Aldridge v. Huntington School District Board of Education,* 38 Ohio St.3d 154, 157, 527 N.E.2d 291 (1988), syllabus:

In teacher contract termination disputes arising under R.C. 3319.16:

1. The referee's findings of fact must be accepted unless such findings are against the greater weight, or preponderance, of the evidence;

2. A school board has the discretion to accept or reject the recommendation of the referee unless such acceptance or rejection is contrary to law.

{¶ 11} "The Common Pleas Court may reverse an order of termination of a teacher's contract, made by a Board of Education, where it finds that such order is not supported by or is against the weight of the evidence." *Hale v. Lancaster Board of Education,* 13 Ohio St.2d 92, 234 N.E.2d 583 (1968), paragraph one of the syllabus. "Absent a claim that the school board violated a statutory or constitutional obligation by depriving the appellee of a vested right, or engaging in impermissible discriminatory conduct, the trial court may not substitute its judgment for that of the board." *Ross v. Board of Education,* 52 Ohio App.2d 28, 34, 367 N.E.2d 1209 (8th Dist.1977). "If substantial and credible evidence is presented to support the charges of the board, and a fair administrative hearing is had, the reviewing court cannot substitute its judgment for the judgment of the administrative authorities." *Strohm v. Reynoldsburg City School District Board of Education,* 10th Dist. Franklin No. 97APE07–972, 1998 WL 151082, *4 (Mar. 31, 1998).

{¶ 12} Our standard of review of the trial court's decision is abuse of discretion. *Graziano v. Amherst Exempted Village Board of Education,* 32 Ohio St.3d 289, 294, 513 N.E.2d 282 (1987) ("Absent an abuse of discretion on the part of the trial court, the court of appeals may not engage in what amounts to a substitution of judgment of the trial court in an R.C. 3319.16 proceeding"). In order to find an abuse of discretion, we must

determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} This case is governed by R.C. 3319.16, titled "Termination of contract by board of education," which states the following in pertinent part:

The contract of any teacher employed by the board of education of any city, exempted village, local, county, or joint vocational school district may not be terminated except for good and just cause.

Before terminating any contract, the employing board shall furnish the teacher a written notice signed by its treasurer of its intention to consider the termination of the teacher's contract with full specification of the grounds for such consideration. The board shall not proceed with formal action to terminate the contract until after the tenth day after receipt of the notice by the teacher. Within ten days after receipt of the notice from the treasurer of the board, the teacher may file with the treasurer a written demand for a hearing before the board or before a referee, and the board shall set a time for the hearing which shall be within thirty days from the date of receipt of the written demand, and the treasurer shall give the teacher at least twenty days' notice in writing of the time and place of the hearing. If a referee is demanded by either the teacher or board, the treasurer also shall give twenty days' notice to the superintendent of public instruction. * * * The hearing shall be conducted by a referee appointed pursuant to section 3319.161 of the Revised Code, if demanded; otherwise, it shall be

conducted by a majority of the members of the board and shall be confined to the grounds given for the termination. The board shall provide for a complete stenographic record of the proceedings, a copy of the record to be furnished to the teacher.

After a hearing by a referee, the referee shall file a report within ten days after the termination of the hearing. After consideration of the referee's report, the board, by a majority vote, may accept or reject the referee's recommendation on the termination of the teacher's contract.

{¶ 14} As stated by our colleagues from the Sixth District in *Hiss v. Perkins Local School District Board of Education*, 2019-Ohio-3703, 144 N.E.3d 1093, ¶ 149-150 (6th Dist.):

"Good and just cause" is not defined by R.C. 3319.16, but the Supreme Court has defined it as involving a "fairly serious matter." *Hale v. Bd. of Edn., City of Lancaster*, 13 Ohio St.2d 92, 99, 234 N.E.2d 583 (1968). What constitutes "good and just cause" depends on the context and unique facts of each case. *Lanzo v. Campbell City School Dist. Bd. of Edn.*, 7th Dist. Mahoning No. 09 MA 154, 2010-Ohio-4779, 2010 WL 3835868, ¶ 18.

Although "good and just cause" is an imprecise concept, appellate courts have defined its broad outlines to include behavior that had or could have had a serious effect on the school system, *Winland v. Strasburg-Franklin Local School Dist. Bd. of Edn.*, 2013-Ohio-4670, 999 N.E.2d 1190, ¶ 39 (5th Dist.), citing *Bertolini*, 139 Ohio App.3d at 608, 744 N.E.2d 1245,

and behavior that is "hostile to the school community." *Hykes v. Bellevue City School Dist. Bd. of Edn.*, 2012-Ohio-6059, 985 N.E.2d 218, ¶ 26 (6th Dist.), citing *Florian v. Highland Local School Dist. Bd. of Edn.*, 24 Ohio App.3d 41, 493 N.E.2d 249 (9th Dist.1983).

{¶ 15} We note the referee's report and recommendation consists of 237 pages and the trial court's judgment entry is 52 pages in length. While this court has reviewed the entire record, we will not restate all of the testimony and extensive findings in specificity, as the report and judgment entry thoroughly do so.

I

{¶ 16} In her first assignment of error, appellant claims the trial court committed prejudicial error in not finding appellee violated her rights under R.C. 3319.16. We disagree.

{¶ 17} Specifically, appellant argues: 1) appellee failed to set a time for the hearing within thirty days of receipt of the written demand and the treasurer failed to give her and the superintendent a twenty-day notice of the time and place of the hearing; 2) the treasurer failed to sign the written notice of appellee's intention to consider her termination; and 3) the referee and appellee both departed from the specification of grounds given for the termination.

TIMELINESS AND NOTICE

{¶ 18} In her appellate brief at 5, appellant argues the hearing requirement in R.C. 3319.16 is mandatory, and in support, cites the following language from the Supreme Court of Ohio in *State ex rel. Webb v. Board of Education of Bryan City School District,* 10 Ohio St.3d 27, 460 N.E.2d 1121, syllabus:

The pertinent language in R.C. 3319.16 regarding hearing requirements in the case of the termination of the contract of a teacher is directory and not mandatory, and a board of education under this statute in a referee-requested hearing need only schedule the date for such hearing within thirty days of the receipt of the written demand from the teacher for such hearing.

{¶ 19} In its March 2, 2022 judgment entry at 12-13, the trial court noted this holding and found the referee gave "thorough consideration" to the cited language. The trial court stated the referee "reviewed the entire *Webb* case and provided a well-reasoned analysis of the paragraph * * * in context with the rest of the *Webb* case." *Id.* at 13. The trial court quoted the referee's analysis who concluded the hearing requirements of R.C. 3319.16 are directory and not jurisdictional. The trial court found the referee's analysis to be legally correct and adopted the referee's ruling on the issue.

{¶ 20} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding.

TREASURER'S SIGNATURE

{¶ 21} In her appellate brief at 6-7, appellant argues the written notice she received was not signed by the treasurer as required in R.C. 3319.16. She did not provide any further argument.

{¶ 22} In its March 2, 2022 judgment entry at 8-9, the trial court noted although the notice was unsigned, the notice contained a typed signature line containing the treasurer's name, thereby giving appellant the identity of the treasurer and informing her that the

letter came from the treasurer's office. The trial court reviewed the letter and found it provided all the necessary information to put appellant on notice of appellee's intention to suspend her and consider terminating her contract, informed her of her statutory rights, and "substantially complied with the intent of the statute." *Id.* at 9. The trial court concluded "[w]here an educator facing termination has been afforded a full hearing, is represented by counsel, presents evidence, and exercises her right to appeal to the court of common pleas, the lack of a signature on the notice presented to the educator does not invalidate the notice and due process has not been denied to the educator." *Id.*

{¶ 23} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding.

SPECIFICATION OF GROUNDS

{¶ 24} In her appellate brief at 7-8, appellant argues two discrepancies pertaining to specification of grounds:

{¶ 25} 1) In its specification of grounds, appellee alleged appellant asked a teacher "to sign a blank document," but in its order of termination, appellee's Ground No. 1 states appellant asked a teacher to sign an evaluation form which had a "blank narrative summary."

{¶ 26} 2) In its specification of grounds, nowhere did appellee allege a "walkthrough," but in its order of termination, appellee's Ground No. 5 states appellant recorded an inaccurate end time for her walkthrough of a teacher's classroom.

{¶ 27} Appellant argues the hearing must be confined to the grounds and specifications given for the termination prehearing and therefore, termination Ground Nos. 1 and 5 should have been reversed.

{¶ 28} In its March 2, 2022 judgment entry at 36, the trial court noted appellant's cited cases and found:

> [they] all reject a rigid standard of matching a board's specification of grounds with identical grounds for termination found by the referee and adopted by the board. Rather, Ohio appellate courts have allowed the board's evidence to stand as long as the totality of the circumstances indicate that the teacher was sufficiently apprised of the issue in question to present countervailing evidence if so inclined.

{¶ 29} The trial court concluded appellant "was provided sufficient notice of the allegations against her to enable her to prepare and present her defenses." *Id.* at 37.

{¶ 30} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding.

{¶ 31} We note in each of the complained of issues, appellant did not argue in what way she suffered any prejudice.

{¶ 32} Upon review, we find the trial court did not abuse its discretion in not finding appellee violated her rights under R.C. 3319.16.

{¶ 33} Assignment of Error I is denied.

II

{¶ 34} In her second assignment of error, appellant claims the trial court committed prejudicial error by not finding appellee was obligated to give her an opportunity to change her conduct. We disagree.

{¶ 35} In her appellate brief at 10, appellant argues she should have been given an opportunity to change her conduct because she merely made clerical errors and "did not engage in conduct hostile to the community."

{¶ 36} In its March 2, 2022 judgment entry at 17, the trial court found the cases cited by appellant in support of her argument do not cite to "any statutory or binding case law to establish that precedent exists to require a school board considering termination of an educator to give the educator the opportunity to change her alleged behavior in all circumstances." The trial court then conducted a thorough analysis of appellant's conduct and reviewed teacher testimony. The trial court found "contrary to Plaintiff/Appellant's characterization of Mrs. DeVito's conduct as 'good faith clerical errors' and 'honest mistakes,' Mrs. DeVito's conduct was conscious wrongful behavior related to fairly serious matters and was hostile to the school community." *Id.* at 21. Therefore, the trial court concluded given the specific facts of the case, appellee was not required to give appellant an opportunity to change her conduct. *Id.* at 23.

{¶ 37} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding.

{¶ 38} Upon review, we find the trial court did not abuse its discretion by not finding appellee was obligated to give appellant an opportunity to change her conduct.

{¶ 39} Assignment of Error II is denied.

III

{¶ 40} In her third assignment of error, appellant claims the trial court committed prejudicial error by holding that under the facts of the case, appellee was not required to consider her employment record in making a decision of termination. We disagree.

{¶ 41} In her appellate brief at 11, appellant argues "a school board must be required to consider an educator's employment record before initiating termination proceedings."

{¶ 42} In its March 2, 2022 judgment entry at 24, the trial court found neither party cited to "any statutory or case law from the Ohio Supreme Court or the Ohio Court of Appeals, Fifth Appellate District, to establish that binding precedent exists on the issue of whether a school board considering termination of an educator is required to consider the educator's good employment record in most circumstances." The trial court reviewed appellant's cited cases and found them "to be persuasive where fully cited and applied in their entirety. The Court further finds that a school board considering termination of an educator is *not* required to consider the educator's good employment record in most circumstances." (Emphasis sic.) *Id.* at 27. The trial court then conducted a thorough analysis of the applicable case law, noted appellant did not have a longstanding positive employment record with appellee to consider in mitigation of her conduct, considered her conduct, and noted the referee's report referenced her employment record in many places. The trial court concluded given the facts of the case, appellee was not required to consider appellant's employment record in making a decision on termination.

{¶ 43} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding.

{¶ 44} Upon review, we find the trial court did not abuse its discretion by holding appellee was not required to consider appellant's employment record in making a decision of termination.

{¶ 45} Assignment of Error III is denied.

IV

{¶ 46} In her fourth assignment of error, appellant claims the trial court committed prejudicial error by not reversing the order of termination because the order of termination is not supported by reliable, probative, and substantial evidence, is against the weight of the evidence, and is contrary to law.  We disagree.

{¶ 47} In her appellate brief at 13-14, appellant lists the six specifications found by the referee constituting "good and just cause" for termination, as well as the two additional specifications found by appellee.  Appellant argues the specifications found were clerical errors reflecting "nothing other than honest mistakes" and proves she is not perfect.  *Id.* at 22.  She further argues "the honest clerical mistakes" did not prove by a preponderance of the evidence that she engaged in dishonest, fraudulent, and immoral conduct.

{¶ 48} In his July 4, 2020 report and recommendation at 11-13 and 159-161, the referee set forth all of the specification of grounds for consideration as provided by appellee (five grounds with ten specifications).  The referee fully analyzed each specification and found appellee proved by clear and convincing evidence appellant asked a teacher to sign a blank document (Specification #7) and recorded inaccurate observation/walkthrough times on six occasions (Specification #8).  *Id.* at 202, 206-207, 208, 211, 219.  The referee analyzed the terms "dishonesty, fraud, and immorality" and concluded the errors violated Board Policy GCN-1, were hostile to the school community, and impacted the professional duties of appellant and a teacher; therefore, the errors constituted dishonest, fraudulent, and immoral behavior.  *Id.* at 227-228.

{¶ 49} The referee found Specification #1, cutting and taping/stapling teachers' signatures without their knowledge or approval, and Specification #5, using teachers' signatures without their knowledge or approval, was not proven to violate school board

policy or to constitute dishonest, fraudulent, and immoral behavior, respectively. While the referee found copied/cut-out signatures were stapled/taped to Evaluation Cycle Forms without the teachers' knowledge and approval, he concluded the behavior did not violate a school board policy, was not hostile to the school community, did not have a serious effect on the school district or appellant's professional duties, and did not constitute fraud as it was clear on the face of each form that the form was not signed by the respective teacher. *Id.* at 167-168, 169-173, 213, 224. He concluded the board did not prove the Evaluation Cycle Form was an evaluation document and was a component of the teacher evaluation process. *Id.* at 167-168. The referee noted several teachers testified they found the behavior to be "very upsetting," shocking, disappointing, and concerning, and caused them to lose trust in appellant and the evaluation process. *Id.* at 128, 130-132, 225-226.

{¶ 50} We note the referee's findings are supported by the transcript.

{¶ 51} In its February 11, 2021 special meeting minutes, appellee accepted in part and rejected in part the referee's report. Appellee accepted the referee's report except for his conclusion on Specifications #1 and #5. In some eight pages, appellee found the behavior of copying/cutting signatures and stapling/taping them to Evaluation Cycle Forms without the teachers' knowledge and approval violated Board Policy AFC-1 and GCN-1 and constituted dishonest, fraudulent, and immoral behavior warranting good and just cause for termination. Appellee analyzed a superintendent's authority to modify the evaluation process, develop handbooks, and implement the evaluation policy, and concluded the Evaluation Cycle Form was in fact part of the evaluation process and was an official document within the teachers' personnel files.

{¶ 52} In its March 2, 2022 judgment entry, the trial court analyzed appellant's arguments and concluded the following at 41:

   The Court finds that Board acted within its statutory authority and met all of the statutory and legal requirements for reaching conclusions differing from those of the Referee, based on a different interpretation of the significance of the facts. The Court further finds that that (sic) the Record contains sufficient reliable, probative, substantial, and credible evidence supporting the Board's two additional grounds for termination of Mrs. DeVito's employment contract.

   The Court finds that reliable, probative, substantial, and credible evidence was presented to support the specifications for termination presented by the Board; that the September 19, 2018 specification of grounds issued by the Board, and the grounds for termination found by the Referee and adopted by the CFVLS Board on February 11, 2021, are sufficiently interrelated to present no violation of due process or other rights; and, that Referee Alexander conducted a fair administrative hearing.

   Furthermore, the Court finds that the CFVLS Board's February 11, 2021 Order of Termination properly adopted the Referee's Report and Recommendation; is properly supported by reliable, probative, credible, and substantial evidence; is not against the weight of the evidence; and, is not contrary to law.

{¶ 53} In reviewing the appellate arguments in each brief and the record, we cannot find the trial court abused its discretion in its finding. A review of the referee's 237-page report and recommendation does not indicate any confusion by the referee as argued by appellant in her appellate brief at 16. To the contrary, the referee was painstakingly thorough, precise, and clear about terms, words, forms, dates, and times.

{¶ 54} Upon review, we do not find the trial court abused its discretion by not reversing the order of termination because the order of termination is not supported by reliable, probative, and substantial evidence, is against the weight of the evidence, and is contrary to law.

{¶ 55} Assignment of Error IV is denied.

V

{¶ 56} In her fifth assignment of error, appellant claims the trial court committed prejudicial error by not reversing the order of termination where it was established that appellee had not read the entire transcript. We disagree.

{¶ 57} In her appellate brief at 29, appellant argues because appellee disagreed with the referee and added two specifications for termination which the referee had rejected, appellee should be required to read the entire transcript.

{¶ 58} In its March 2, 2022 judgment entry at 44, the trial court noted appellant's cited authority which acknowledged a split of authority as to whether a board must read the actual transcript of the hearing in order to override a referee's recommendation. The trial court reviewed the two cited cases, and found "the better rule, and an excellent rationale for the rule that the board need not read the actual transcript" can be found in *Ricchetti v. Cleveland City School District Board of Education,* 8th Dist. Cuyahoga No. 64833, 1994 WL 66227 (Mar. 3, 1994). We note an appeal to the Supreme Court of Ohio

was sua sponte dismissed as improvidently allowed. *Ricchetti v. Cleveland City School District Board of Education,* 72 Ohio St.3d 1214, 650 N.E.2d 109 (1995). Of note is the Supreme Court stating "[t]his court orders that the court of appeals' opinion not be published in the Ohio Official Reports and that it may not be cited as authority except by the parties *inter se.*" *Id.*

{¶ 59} R.C. 3319.16 states "[a]fter consideration of the referee's report, the board, by a majority vote, may accept or reject the referee's recommendation on the termination of the teacher's contract." Upon the filing of an appeal, "[t]he court shall examine the transcript and record of the hearing and shall hold such additional hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record." While the statute directs the trial court to review the hearing transcripts, the board is not directed to do so. *Witt v. Woodmore Local School Board of Education,* 6th Dist. Ottawa No. OT-76-12, 1976 WL 188435, *1 (Oct. 22, 1976) ("There is no statutory requirement that the Board read the transcript of the hearing.") The statute directs the board to consider the referee's report and recommendation which the board did in this case. The referee's report and recommendation, 237 pages in length, detailed much of the testimony elicited during the hearing. The report certainly is not devoid of facts.

{¶ 60} Upon review, we find the trial court did not abuse its discretion by not reversing the order of termination where it was established that appellee had not read the entire transcript.

{¶ 61} Assignment of Error V is denied.

{¶ 62} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.


EEW/db