OPINION
{¶ 1} Appellants, Richard Trout, et al., appeal from a judgment of the Franklin County Court of Common Pleas which affirmed a decision of appellee, the Ohio Department of Education ("ODE"), denying appellants' requested transfer of school district property. For the following reasons, we affirm that judgment.
 {¶ 2} In March 2000, Cindy McCarty presented a petition to the North Royalton City Schools signed by 30 residents who reside on Tollis Parkway in Broadview Heights, Ohio. Tollis Parkway is an east-west street located entirely in Broadview Heights. There are approximately 900 condominiums and apartments on the parkway. It is bordered on the east by Broadview Road, which is the only entrance to the parkway. On the west end, the parkway ends at a six-foot-high wood fence barricade and then begins again on the other side of the barricade as Amelia Drive in the Falls Lane neighborhood, also located in Broadview Heights.
 {¶ 3} Broadview Heights does not have its own school system. Instead, its students are sent either to the North Royalton School District or to the Brecksville-Broadview Heights School District. A majority of Tollis Parkway residents are in the Brecksville-Broadview Heights School District ("Brecksville-Broadview Heights"). However, residents living on the western end of the parkway, consisting of approximately 25 percent of the condominiums and apartments, are in the North Royalton School District ("North Royalton"). As of January 2001, there were 16 students living on the portion of Tollis Parkway in North Royalton. North Royalton buses do not pick up students on Tollis Parkway; instead, the children must walk through a gap in the fence barricade at the end of Tollis Parkway and walk down Amelia Drive to a bus stop. Appellants sought to transfer this western 25 percent of Tollis Parkway from North Royalton to Brecksville-Broadview Heights.
 {¶ 4} North Royalton forwarded the petition to the ODE for its consideration of the proposed transfer pursuant to R.C. 3311.24(A). After declaring its intent to consider the transfer, the ODE notified both affected school districts, as well as appellants, of their opportunity for a hearing regarding the proposed transfer. Appellants, as well as North Royalton, which opposed the transfer, each requested a hearing. A hearing was held on January 23, 2001, before a hearing officer. Thereafter, the hearing officer issued a report and recommendation ("RR"). The RR recommended that the transfer be approved, concluding that the "present and ultimate good of the students and families living in this area would be best served" by approving the transfer.
 {¶ 5} After North Royalton filed objections to the RR, the ODE adopted a resolution that rejected the recommendation of the hearing officer and denied the proposed transfer. The ODE determined that appellants failed to show that the transfer would serve the best interests of the students involved. Appellants appealed that decision to the Franklin County Court of Common Pleas. That court found that the ODE's decision was supported by reliable, probative and substantial evidence and was in accordance with law. The lower court affirmed the decision to deny the proposed transfer.
 {¶ 6} Appellants appeal from that judgment, assigning the following errors:
 {¶ 7} "1. The Common Pleas Court review under ORC 119.12 of the Ohio State Board of Education Agency Decision was in error where the Ohio State Board of Education's Referee Report and Recommendations for approval of the territory transfer were ignored by the reviewing OSBE and its Decision was not supported by reliable probative and substantial evidence in the record.
 {¶ 8} "2. Appellants-Petitioners presented sufficient evidence to the Franklin County Common Pleas Court on appeal to support a finding and order that the Ohio State Board of Education ignored or failed to consider the evidence presented by the Petitioners under OAC 3301-89-01(F) to give primary consideration to the interests of the students, with the Common Pleas Court abusing its discretion in ignoring this standard.
 {¶ 9} "3. Appellants-Petitioners presented sufficient evidence to the Franklin County Common Pleas Court on appeal to support a finding and order that the Ohio State Board of Education's finding' . . . that the placement of a fence located in the area requested for transfer does not cause the area to be isolated segment of the district of which it is part' is contrary to law and fact when the determination is speculative.
 {¶ 10} "4. Appellants-Petitioners presented sufficient evidence to the Franklin County Common Pleas Court on appeal to support a finding and order that the Ohio State Board of Education relied on unsupported finding that if the transfer was approved the length of time students would spend traveling to and from school on a bus would be twice as long.
 {¶ 11} "5. Appellants-Petitioners presented sufficient evidence to the Franklin County Common Pleas Court on appeal to support a finding and order that the Ohio State Board of Education failed to properly balance the factors defined in OAC 3301-89-03 in order to ascertain the best interests of the students involved in direct violation of OAC3301-89-01(F).
 {¶ 12} "6. The Franklin County Common Pleas Court based its decision on factors other than those established by law and abused its discretion in deviating from the ORC 119.12 appellate review procedures."
 {¶ 13} A decision of the ODE, pursuant to a R.C. 3311.24 transfer request, is appealable under R.C. 119.12. Rossford Exempted Village School Dist. v. State Bd. of Edn. (1989), 45 Ohio St.3d 356, paragraph one of the syllabus. In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows: "(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 14} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 15} Appellants contend in their first assignment of error that the ODE failed to comply with R.C. 119.09 by rejecting the hearing officer's recommendation to approve the property transfer. In pertinent part, R.C. 119.09 provides "[n]o such recommendation shall be final until confirmed and approved by the agency as indicated by the order entered on its record of proceedings, and if the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval." Appellants contend that the ODE did not state its reasons for rejecting the hearing officer's recommendation. We disagree.
 {¶ 16} The resolution rejecting the hearing officer's recommendation specifically lists ODE's reasons for its decision. These reasons are: (1) Brecksville-Broadview Heights is twice as far from the proposed transfer area as North Royalton; (2) the transfer would double the time the students in the proposed transfer area would spend traveling on a bus; (3) there was no evidence to show how the students' safety was placed at risk with the current situation and how it would improve by a transfer; (4) there was no evidence to show how a transfer would promote a sense of community among the residents of the proposed transfer area; (5) the fenced barricade does not cause the transfer area to be an isolated segment of the district; and (6) there was insufficient evidence to show the proposed transfer would serve the best interests of the students involved and the present and ultimate good of those students. Given these stated reasons, we conclude that the ODE complied with R.C. 119.09 in rejecting the hearing officer's recommendation.
 {¶ 17} Appellants also generally assert that the ODE failed to properly defer to the hearing officer's evidentiary and credibility determinations in rejecting the hearing officer's recommendation. However, the record reflects that the ODE did not reject any of the factual findings or credibility determinations made by the hearing officer. In fact, the ODE adopted the hearing officer's findings of fact. The ODE simply reached a different legal conclusion based on these facts. The ODE, as the ultimate decision maker, is not required to follow the recommendation of the hearing officer. Stelzer v. State Bd. Of Edn. (1991), 72 Ohio App.3d 529, 531; Fairborn City School Dist. v. State Bd. Of Edn. (Oct. 24, 1996), Franklin App. No. 96APE04-416. It may independently review the evidence and make its own findings and draw its own conclusions from the evidence. In re Certificate of Need Application of Providence Hosp. (1990), 67 Ohio App.3d 391, 398.
 {¶ 18} Appellants' last argument supporting their first assignment of error is that the common pleas court abused its discretion in affirming the ODE decision because the decision was not supported by reliable, probative and substantial evidence. Again, we disagree. The record reflects that there was reliable, probative and substantial evidence indicating that the transfer would significantly increase the amount of time students would have to spend riding the bus. This is a factor the ODE may properly take into consideration in making its decision. See Garfield Hts. City School Dist. v. State Bd. of Edn. (1990), 62 Ohio App.3d 308, 323; cf. Rossford, 63 Ohio St.3d 705, 707-708
(affirming transfer where shorter bus trip would result). Testimony also indicated that a transfer would cause the students to be bused into the Broadview Heights area, where traffic is more congested and, therefore, more dangerous. Cf. Levey v. State Bd. of Edn. (Feb. 28, 1995), Franklin App. No. 94APE08-1125 (present and ultimate good of students obtained by greater safety in transportation). Both of these factors weigh against appellants' requested transfer.
 {¶ 19} There was also reliable, probative and substantial evidence that the safety of the students who must walk through an opening in the fence barricade at the end of Tollis Parkway to catch their bus was not jeopardized by the existing school boundaries. Noteably, this fence was initially placed at the end of the parkway to stop motorists from speeding down the street and, thereby, increase safety. Appellants' principal witness, Cindy McCarty, even testified that the fence was a good thing for the residents in the proposed transfer area. Although McCarty raised the safety of the students as a justification for the proposed transfer, she acknowledged that she never raised the safety issue to anyone at North Royalton or the Broadview Heights Police or Fire Departments. Testimony from parents in the proposed transfer area indicated that they did not have any safety concerns related to the fence. The Mayor of Broadview Heights, by way of affidavit, also indicated that he had not received any complaints regarding the safety of students walking through the opening in the fence barricade. The principals of the three schools in North Royalton stated in affidavits that no safety concerns were ever raised to them regarding the fence barricade or the location of the bus stop for these students. Malcolm Driver, Assistant Superintendent of Schools for North Royalton, testified that he had not received any such complaints. In fact, Driver testified that he saw nothing that would jeopardize the safety of the children in this area. Additionally, while McCarty complained about the risk to students who must walk from their homes through the opening in the fence to the bus stop, Driver's testimony indicated that this walk was not significantly longer than the distance other students must walk to a bus stop in the school district, and was well within state regulations. Based upon this evidence, the trial court did not abuse its discretion in affirming the decision of the OBE. Appellants' first assignment of error is overruled.
 {¶ 20} Appellants' second and fifth assignments of error both raise the same issue. Therefore, we will address them together. Appellants contend in both of these assignments of error that the ODE failed to take into account the best interests of the students living in the proposed transfer area as required by Ohio Adm. Code 3301-89-01(F) and Ohio Adm. Code 3301-89-03. Ohio Adm. Code 3301-89-01(F) provides that "[a] request for transfer of territory will be considered upon its merit with primary consideration given to the present and ultimate good of the pupils concerned." Id. Ohio Adm. Code 3301-89-03 lists factors to be considered by the hearing officer in reviewing a requested transfer. Levey, supra; Samson v. State Bd. Of Edn. (Aug. 13, 1998), Franklin App. No. 97APE12-1702. Additionally, Ohio Adm. Code 3301-89-02(B) provides a list of 17 questions which both of the school districts are requested to answer to aid in the hearing officer's consideration of the proposed transfer. Ohio Adm. Code 3301-89-03(A).
 {¶ 21} The ODE's resolution denying the proposed transfer demonstrates that its decision was based upon what it believed to be in the best interest of the affected students. The ODE emphasized that an approval of the transfer would result in these students spending a considerably longer period of time on a bus traveling to and from school. The ODE also noted the absence of any legitimate safety concerns for the students who currently walk through the opening in the fence barricade to catch the bus. These are both factors that may be utilized in determining whether a transfer will serve the ultimate good of the students. Levey, supra. Given these factors, it is clear that the ODE considered the ultimate good of the pupils in the proposed transfer area in reaching its decision. Appellants' second and fifth assignments of error are overruled.
 {¶ 22} Appellants' third and fourth assignments of error both disagree with findings made by the ODE. Appellants' third assignment of error attacks the ODE's conclusion that the fence barricade located at the western end of Tollis Parkway does not isolate the proposed transfer area from other portions of North Royalton. Appellants claim this conclusion was not in accordance with law. We disagree. None of the testimony indicated that the fence barricade caused the western portion of the parkway to be isolated from other portions of North Royalton. The map of North Royalton's boundaries shows that this portion of Tollis Parkway is not isolated. It is not an island of property surrounded by another school district. Id. (approving transfer of property upon finding that property was an isolated island). Rather, the proposed transfer area is simply located at the border between North Royalton and Brecksville-Broadview Heights. The common pleas court did not abuse its discretion in affirming the ODE's finding that the western end of Tollis Parkway was not isolated from other portions of North Royalton. Appellants' third assignment of error is overruled.
 {¶ 23} Appellants' fourth assignment of error attacks ODE's conclusion that, if the transfer was approved, the length of time students would spend on a bus traveling to and from school would double. Appellants claim this conclusion was not supported by reliable, probative and substantial evidence. However, Driver testified that he had the North Royalton Transportation Supervisor measure the distance from the western end of Tollis Parkway to the schools in both districts. The distance to each of the Brecksville-Broadview Heights schools was significantly greater then the distance those students would have to travel to reach each of the North Royalton schools. In each case, the mileage was almost double. In fact, Driver testified that these students would have spent as much as 18 additional minutes on the bus to reach any Brecksville-Broadview Heights school. Therefore, there was reliable, probative and substantial evidence to support the ODE's conclusion, and the common pleas court did not abuse its discretion in affirming this finding. Appellants' fourth assignment of error is overruled.
 {¶ 24} Appellants contend in their sixth assignment of error that the common pleas court erred in not holding an oral hearing in this matter and conducting a de novo review of the record. We disagree. Appellants did not request an oral hearing and there is no requirement that a common pleas court, sitting as an appellate court in an administrative appeal, must hold an oral hearing. The Ohio Supreme Court has stated that "R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence." Ohio Motor Vehicle Dealers Bd. v. Central Cadillac Co. (1984), 14 Ohio St.3d 64, 67; see, also, Rudolph v. Ohio Dept. of Human Serv. (Apr. 9, 2001), Meigs App. No. 00CA023. The trial court did not err in reaching a decision without an evidentiary hearing in this matter. The court reviewed the ODE's findings and legal conclusions and determined they were supported by reliable, probative and substantial evidence. This is the appellate review mandated by R.C. 119.12. Huffman, supra. Appellants' sixth assignment of error is overruled.
 {¶ 25} Having overruled each of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
 {¶ 26} Finally, the ODE has filed a motion to strike appellants' reply brief pursuant to App. R. 16(A). The ODE claims that appellants have attempted to introduce a new assignment of error in their reply brief. To the extent appellants' reply brief does raise an assignment of error not raised in their merit brief and not addressed by our opinion, we grant the motion to strike.
Judgment affirmed;
Motion to strike granted.
PETREE, P.J., and BROWN, J., concur.