THE STATE, EX REL. CARTER ET AL., APPELLANTS, *v.* CLEVELAND
CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as State, ex rel. Carter, *v.* Cleveland Bd. of Edn. (1985),
17 Ohio St. 3d 105.]

(No. 84-1509—Decided May 15, 1985.)

*Lucas, Prendergast, Albright, Gibson & Newman, W. Joseph Strapp
Co., L.P.A.,* and *W. Joseph Strapp,* for appellants.
*James G. Wyman,* for appellees.

*Per Curiam.* The issue before this court is whether appellants have a
plain and adequate remedy at law.[1] The facts demonstrate that appellants'
civil service appeals were settled prior to hearing before the civil service

---

[1] In light of the fact the appellants' complaint was dismissed prior to the receipt of a
responsive pleading, the complaint must be viewed as if the appellate court had entered judg-
ment upon the pleadings. Thus, appellants would be entitled to have all the material allega-
tions in the complaint, with all reasonable inferences to be drawn therefrom, construed in
their favor as true. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161 [63 O.O.2d 362].

commission. There is no decision from which appellants may perfect an appeal. Accordingly, appellants have no available remedy under R.C. 119.12 or 124.34.

Further, this court held in *Williams* v. *State, ex rel. Gribben* (1933), 127 Ohio St. 398, that mandamus was a proper remedy for the reinstatement of members of the classified civil service who had tendered their resignations upon certain terms and conditions which the appointing authority was found to have violated. The court stated at 400:

"If, then, the relators did not voluntarily relinquish their respective positions, but on the contrary were either wrongfully persuaded to tender their resignations, or were induced to do so upon certain terms and conditions relative to retention or succession specified by the director, or his authorized representative, by whose acts he is bound, who then failed to comply with those terms and conditions, and attempted to make such resignations effective contrary to the representation upon which they were obtained, as found by the Court of Common Pleas and the Court of Appeals, it follows that relators were wrongfully removed from their respective positions and are entitled to reinstatement; which right may be enforced by mandamus."

For the reasons stated above, we reverse the judgment of the court of appeals and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., O'NEILL, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for SWEENEY, J.