**SLOKAR, Appellant,**

v.

**CITY OF PARMA et al., Appellees.**

[Cite as *Slokar v. Parma*, 182 Ohio App.3d 133, 2009-Ohio-1886.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92090.

Decided April 23, 2009.

</div>

Mark P. Herron, for appellant.

Timothy G. Dobeck, Parma Law Director, and Michael P. Maloney, for appellees.

MARY EILEEN KILBANE, Presiding Judge.

{¶ 1} Appellant, Joseph Slokar, appeals the trial court's grant of summary judgment in favor of the city of Parma, which discharged Slokar as a firefighter, at least in part because of his failure to report to work as a result of his admitted substance-abuse problem. After reviewing the facts of the case and the applicable law, we reverse.

{¶ 2} On or about February 27, 2007, Assistant Fire Chief Dennis Ryan, after discussing the matter with Slokar, prepared a referral for Slokar to participate in "Project Concern," the city's employee assistance program, in order to address

his ongoing substance-abuse problem. Ryan then forwarded the referral to the director of human resources for the city of Parma, Elayne Siegfried. Siegfried's office then sent the referral to Sheri Wexler at the Cleveland Clinic, who administers Project Concern for the city of Parma. Slokar then voluntarily met with Wexler for counseling regarding his troubles at work and home relative to his chemical-dependency issues.

{¶ 3} On March 13, 2007, Slokar voluntarily entered into intensive outpatient treatment for substance abuse. Despite initially not complying with treatment, Slokar's May 8, 2007 discharge summary from Glenbeigh Hospital indicated that he successfully completed the program and noted that his prognosis was "very good."

{¶ 4} However, after a hearing with the city, Slokar was terminated from his position as a firefighter on May 15, 2007, in part for his attendance problems at work.

{¶ 5} On November 30, 2007, Slokar sued the city, its fire chief, and its safety director, claiming they discriminated against him by dismissing him from the Parma fire department as a result of his substance-abuse problems, which he maintains are disabilities under the Ohio Civil Rights Act, R.C. Chapter 4112.

{¶ 6} On June 17, 2008, the city, the safety director, and the fire chief filed a joint motion for summary judgment, to which Slokar timely responded.

{¶ 7} On June 19, 2008, the city served a copy of this motion, together with exhibits, upon Slokar.

{¶ 8} On August 12, 2008, the city supplemented the record with exhibits it had not filed with the clerk previously out of its stated concern for Slokar's privacy rights.

{¶ 9} On August 18, 2008, Slokar's counsel filed a motion to strike the evidence as not timely filed, which was denied two days later on August 20, 2008.

{¶ 10} On August 19, 2008, the trial court granted summary judgment in favor of the city.

{¶ 11} Slokar appeals, raising two assignments of error for our review.

### Assignment of Error One

{¶ 12} "The trial court abused its discretion in considering exhibits untimely filed on August 12, 2008, in granting defendants' summary judgment motion and in denying appellant's motion to strike exhibits."

{¶ 13} Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this

requirement constitutes reversible error. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138, syllabus.

{¶ 14} Slokar's counsel does not dispute receiving the evidence in support of the city's motion in a timely manner, only that it was not properly before the court when it granted summary judgment in the city's favor. In support of this, Slokar cites Civ.R. 56(C), stating that summary judgment shall be rendered if documentary evidence "timely filed in the action" shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *State ex rel. Baran v. Fuerst* (1992), 65 Ohio St.3d 413, 416, 604 N.E.2d 750.

{¶ 15} The staff notes to Civ.R. 56(C) indicate that the movant must serve and file his motion and all supporting documents at least 14 days before the time fixed for hearing. Since the evidence in this case was not filed until two months after the dispositive motion date was set by the trial court, this clearly did not occur.

{¶ 16} However, Civ.R. 61, the "harmless error rule," indicates:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶ 17} Because Slokar already possessed the evidence he sought to strike, and any defect in filing was cured by the city when it filed the evidence on August 12, 2008, no prejudice came to Slokar because the court considered this evidence. Simply put, there can be no prejudice when the complaining party already possesses the evidence he seeks to strike, especially when any filing defect is cured by the offending party.

{¶ 18} Further, Slokar's own motion for leave to file his response extended the time for hearing by 30 days. No new hearing date was set. As such, the record is unclear as to when the new "time for hearing" under the rule was set. While the most proper course of action for the city, given its stated concern for Slokar's privacy rights, would have been to file the documents under seal in June, it was not inequitable for the trial court to consider the evidence filed in support of summary judgment. Slokar's first assignment of error is overruled.

Assignment of Error Two

■ {¶ 19} "The trial court erred in granting defendants' motion for summary judgment."

{¶ 20} In Ohio, appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 21} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy,* 65 Ohio St.3d at 358–359, 604 N.E.2d 138.

{¶ 22} Neither party disputes that the city has a comprehensive employee assistance program, Project Concern, that is administered through the Cleveland Clinic. The city's drug-and-alcohol-testing policy, at Section 2, specifically prohibits any discriminatory action against individuals who seek treatment for drug and alcohol addiction and states:

> Informing Employees About Drug and Alcohol Testing:
>
> Employees who voluntarily come forward and ask for assistance to deal with a drug and alcohol problem shall not be disciplined by the employer * * *. No disciplinary action will be taken against an employee unless he/she refuses the opportunity for rehabilitation, fails to complete a rehabilitation program, or again tests positive for drugs within 2 years of completing an appropriate rehabilitation program.

{¶ 23} The record shows that after initially meeting with Slokar in February 2007, Wexler wrote a letter to the city expressing her hope that, despite his

attendance problems, the city would grant Slokar time off to attend treatment and counseling. On April 27, 2008, Wexler wrote to the city once more and stated her concern that Slokar was not being provided with time off work to attend treatment.

{¶ 24} Siegfried testified at her deposition that she verbally communicated to Ryan the necessity for Slokar to be provided with time off. According to Siegfried, Ryan did not indicate that there would be a problem providing Slokar with time off for treatment. She further testified that, in regard to city employees, if treatment is recommended and time off from work is required for that treatment, she expects that they be provided with that time, stating: "[W]hen I get the information that treatment is required, and that treatment requires time off, that is something we afford the employee * * *. When I tell a supervisor that an employee needs time off for treatment, I expect it to be followed * * *. [W]hen I tell a supervisor that an employee needs time off for treatment, I figure it is being done."

{¶ 25} Ryan testified in his deposition that he did not believe he had ever had a conversation with Siegfried about the necessity of providing Slokar with time off from work for treatment. Nothing in the record indicates that Slokar was in fact provided with time off from work to attend intensive outpatient treatment.

{¶ 26} The questions of fact inherent in the testimony of Ryan and Siegfried regarding whether Slokar was provided with time off for treatment were not addressed by the trial court in its opinion and entry. These questions of fact, when viewed in a light most favorable to the nonmoving party as the law requires, compel reversal because they raise the possibility that the city may have contravened its own stated policy by discharging an employee for voluntarily seeking substance-abuse treatment.

{¶ 27} Further, the trial court's opinion and entry fails to address whether the attendance problems that the city disciplined Slokar for violating coincided with the times Slokar sought treatment, in further derogation of its stated policy.

{¶ 28} The trial court's opinion and entry is also at odds with the record to the extent that it states that Slokar is not protected by the safe-harbor provisions incorporated in R.C. Chapter 4112, the Ohio Civil Rights Act. In its opinion and entry, the trial court stated that R.C. 4112.02(A)(13) expressly excludes "psychoactive substance abuse disorders resulting from the current illegal use of a controlled substance or the current use of alcoholic beverages" and that Slokar "failed to participate in a rehabilitation program." These assertions are rebutted by facts in the record.

{¶ 29} While we do not address the question of whether substance abuse is a disability within the meaning of the Ohio Civil Rights Act in this case, we note

that neither party argues that Slokar had a psychoactive substance-abuse disorder at the time of his discharge, as defined by statute, or even that he was abusing substances after he completed treatment; nor is there any evidence of this in the record. In fact, the record contains the opposite facts: Slokar's discharge summary from Glenbeigh Hospital indicates that he attended all required sessions and successfully completed outpatient treatment with a positive prognosis and that he did not have "any mental health diagnosis compounding his chemical addiction treatment."

{¶ 30} These facts, when viewed in a light most favorable to Slokar, raise questions of fact within the record that, when viewed in a light most favorable to the nonmoving party, compel us to reverse the trial court's judgment in favor of the city and remand this case to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOYLE and SWEENEY, JJ., concur.