[Cite as *O'Donnell v. Indian Lake Local School Dist. Bd. of Edn.*, 2019-Ohio-4521.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

| | |
|---|---|
| Patrick J. O'Donnell | Court of Appeals No. 8-18-048 |
| Appellant | Trial Court No. CV 17 11 0332 |
| v. | |
| Board of Education of the Indian Lake Local School District | **DECISION AND JUDGMENT** |
| Appellee | Decided:   November 4, 2019 |

* * * * *

Dennis L. Pergram, for appellant.

Douglas P. Holthus, Stacy V. Pollock, and Cara M. Wright, for appellee.

* * * * *

**PIETRYKOWSKI, J.**,

{¶ 1} Appellant, Patrick O'Donnell, appeals the August 28, 2018 judgment of the Logan County Court of Common Pleas which affirmed the Indian Lake School District Board of Education's ("the Board") decision terminating appellant's employment contract.  Because we find that the court did not abuse its discretion, we affirm.

{¶ 2} The relevant facts of the administrative proceedings and appeal are as follows. Appellant began his employment as the Superintendent of the Indian Lake School District in 2010. He had previously been employed as Superintendent of Sidney City Schools and had teaching experience dating back to the early 1990s. In 2013, the Board awarded appellant a five-year contract extension commencing in August 2014.

{¶ 3} Appellant was arrested on June 19, 2017, on a gross sexual imposition charge; he was released on June 20. Appellant was placed on paid administrative leave by the Board on June 20, 2017.

{¶ 4} On June 29, 2017, the Board adopted a resolution approving its intent to consider termination of appellant's contract based upon the following eight separate grounds for termination:

1. On June 19, 2017 you were arrested on a criminal charge of gross sexual imposition.

2. On June 19 through June 20, 2017, you were incarcerated on the criminal charge of gross sexual imposition.

3. For most of the day on June 19 and June 20, 2017, you were not able to perform your work duties.

4. On June 19, 2017, you were absent from work without approved leave.

5. The charge of gross sexual imposition requires a report to the Ohio Department of Education and suspension from all duties involving the

2.

care, custody and control of a child during the pendency of criminal action against you.

6. Your arrest, incarceration, and/or the charge against you has/have generated media coverage and the school district staff, parents, students, and community members are aware of these matters such that you are unable to perform the duties of superintendent of this district.

7. The district is required by law to have a superintendent to perform statutory and other duties, and beginning June 19, 2017, you became unable to fulfill those duties.

8. You may have additional criminal charges filed against you.

{¶ 5} The Board also suspended appellant, without pay, pending the termination proceedings.

{¶ 6} In response, and pursuant to his rights under R.C. 3319.16, appellant filed a written demand for a hearing. The parties agreed upon a referee and a hearing on the termination of contract dispute was held over dates August 21, 22, 28 and 30, and September, 11, 2017.

{¶ 7} On November 7, 2017, the referee issued a 23-page report and recommendation concluding that the Board had failed to provide "reliable, probative and substantial evidence" that just cause supported appellant's termination. The referee focused on the fact that the Board failed to demonstrate that appellant engaged in any "conduct" warranting termination; rather, the Board alleged that it was the fact of his

3.

arrest that rendered him unable to perform his duties. The referee determined that this could not support a termination order. The referee recommended that all eight charges be dismissed and that appellant remain on unpaid leave pending the resolution of the criminal proceedings.

{¶ 8} On November 20, 2017, rejecting the referee's recommendation, the Board adopted a resolution terminating appellant's employment contract, including the underlying continuing teacher contract, based on charges 1-3 and 5-8, as quoted above. Pursuant to R.C. 3319.16, appellant commenced an appeal in the Logan County Court of Common Pleas. In his complaint, appellant generally alleged that the Board's actions in terminating his employment were arbitrary and capricious, against the weight of the evidence, contrary to law, and in bad faith. Appellant specifically addressed and refuted each charge set forth by the Board. Appellant next alleged that the Board's actions were in error as it related to his continuing contract as a teacher. Appellant also alleged that the Board relied on facts outside the scope of the eight charges in issuing its order of termination.

{¶ 9} The parties submitted briefs on the dispute. On May 8, 2018, appellant filed a motion to strike appellee's brief arguing that it wrongly relied on and included facts that were not part of the termination record. Specifically, appellee's brief included multiple references to appellant's conviction and sentence and included as an exhibit the March 21, 2018 sentencing judgment entry. Appellee opposed the motion noting that R.C.

4.

3319.16 authorizes the court to review the entire record as well hold additional hearings where the court may consider "other evidence in addition to the transcript and the record."

{¶ 10} On August 28, 2018, the court affirmed the Board's decision rejecting the referee's recommendation. Specifically, the court found that the Board's charge No. 6 supported good and just cause to terminate appellant where the nature of the allegations in light of his positon and the loss of community trust prevented him from effectively performing his duties. The court further acknowledged that although it was not dispositive on the issue, it could not ignore the fact that while the action was pending appellant entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

{¶ 11} The court stressed:

> The Board must consider the needs and requirements of the students and the community that it serves. The court finds that the alleged criminal conduct with a minor, and now accepted as true, by Mr. O'Donnell was and remains terribly detrimental to the school system and while it did not directly occur on school property, Mr. O'Donnell's conduct was one which had a devastating impact on his professional duties. Further, the indictment and the R.C. 3319.40 suspension rendered Mr. O'Donnell unable to perform his duties as a school superintendent for an extended period of time. This court cannot conclude that the Board must indefinitely postpone

the administrative proceedings until after criminal proceedings were resolved, meanwhile suffering the damage caused by the turmoil created by the uncertainty and doubt as to the strength of the school system's integrity.

{¶ 12} Appellant then commenced the instant appeal and now raises four assignments of error for our review:

> First Assignment of Error: The common pleas court committed prejudicial error by not reversing the Board's Order of Termination and by upholding the Order of Termination based on Board Charge 6.

> Second Assignment of Error: The common pleas court committed prejudicial error by considering facts that were not part of the record and that were not within the scope of the grounds for termination set forth in the notice of intention to terminate.

> Third Assignment of Error: The common pleas court committed prejudicial error by not reversing the Board's Order of Termination on the basis that the Board did not consider Superintendent O'Donnell's good employment record and reputation prior to or at the time it issued the Order of Termination and, therefore, the Order of Termination is contrary to law.

> Fourth Assignment of Error: The common pleas court committed prejudicial error by not reversing the Board's Order of Termination.

{¶ 13} The administrative procedure for the termination of a school superintendent is found in the Ohio Teacher Tenure Act, R.C. Chapter 3319. R.C. 3319.16 provides that

6.

"[t]he contract of any teacher employed by the board of education of any city, exempted village, local, county, or joint vocational school district may not be terminated except for good and just cause."

{¶ 14} "Good and just cause" is not statutorily defined but has been found to involve a "fairly serious matter." *Hale v. Bd. of Edn., City of Lancaster*, 13 Ohio St.2d 92, 99, 234 N.E.2d 583 (1968). In *Hale*, a case where a teacher was intoxicated, hit a parked car, and left the scene of an accident, affirming the reversal of the termination order the court noted that "where only a single crime is involved, the crime would either have to be a more serious one or involve a more serious fact situation than that here involved." *Id.* at 99. Generally, "[w]hat constitutes 'good and just cause' depends on the context and unique facts of each case. *Hiss v. Perkins Loc. School Dist. Bd. of Edn.*, 2019-Ohio-3703, ---N.E.3d ---, ¶ 149 (6th Dist.), citing *Lanzo v. Campbell City School Dist. Bd. of Edn.*, 7th Dist. Mahoning No. 09 MA 154, 2010-Ohio-4779, ¶ 18.

{¶ 15} After proper written notice of a board's intent to terminate along with full specification of the grounds for consideration of termination, a teacher or administrator may file a written demand for a hearing "before the board or before a referee." R.C. 3319.16.

{¶ 16} If a hearing is conducted before a referee, the referee must issue written report and the school board must accept the referee's findings of fact unless those findings are against the greater weight, or preponderance, of the evidence. *Aldridge v. Huntington Local School Dist. Bd. of Edn.*, 38 Ohio St.3d 154, 527 N.E.2d 291 (1988),

7.

paragraph one of the syllabus.  However, the board has the discretion to accept or reject the referee's recommendation, unless such acceptance or rejection is contrary to law.  *Id.* at paragraph two of the syllabus.

{¶ 17} On appeal to the court of common pleas, the court may "weigh the evidence, hold additional hearings if necessary, and render factual determinations." *Katz v. Maple Hts. City School Dist. Bd. of Edn.*, 87 Ohio App.3d 256, 260, 622 N.E.2d 1 (8th Dist.1993), citing *Graziano v. Amherst Exempted Village Bd. of Edn.*, 32 Ohio St.3d 289, 293, 513 N.E.2d 282 (1987).  The common pleas court, however, may only reverse the board's order of termination if it finds that the order is not supported by or is against the weight of the evidence.  *Id.*, citing *Hale* at paragraph one of the syllabus.  Accordingly, "[i]f substantial and credible evidence is presented to support the charges of the board, and a fair administrative hearing is had, the reviewing court cannot substitute its judgment for the judgment of the administrative authorities." *Strohm v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. Franklin No. 97APE07-972, 1998 WL 151082, *4 (Mar. 31, 1998).

{¶ 18} Our standard of review is limited to a determination of whether the lower court abused its discretion.  *Martin v. Bd. of Edn. of Bellevue City School Dist.*, 6th Dist. Huron No. H-12-002, 2013-Ohio-4420, ¶ 19, citing *James v. Trumbull Cty. Bd. of Edn.*, 105 Ohio App.3d 392, 396, 633 N.E.2d 1361 (11th Dist.1995). An abuse of discretion connotes that the court's attitude in reaching its judgment was unreasonable, arbitrary or

8.

unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} In appellant's first assignment of error he argues that the court erred in affirming the Board's termination order because the mere filing of a criminal charge does not conclusively establish that appellant was incompetent to perform his job duties. Appellant claims that the Supreme Court of Ohio has addressed this precise issue in *State ex rel. Baran v. Fuerst*, 65 Ohio St.3d 413, 604 N.E.2d 750 (1992).

{¶ 20} In *Baran*, the employee at issue was classified as a civil service employee in the Cuyahoga County Clerk's Office. Baran was indicted on a drug charge and indefinitely suspended, without pay, pending a "favorable outcome" of the trial. *Id.* at 413. The suspension order stated that due to the indictment, Baran was "incompetent" to perform his duties. *Id.* Baran filed an appeal with the board of review. *Id.* Approximately four months following his suspension, on April 4, 1988, appellant was permanently removed from his position. *Id.* Baran was ultimately convicted. *Id.* A second order was filed with the board which included the conviction as one of the allegations; the charge forming the basis for the first order of suspension was dropped pursuant to a plea agreement. *Id.* at 414.

{¶ 21} The question in the mandamus action was whether Baran was wrongfully excluded from employment during the period of indefinite suspension. *Id.* at 415. The employer argued that the permanent removal order dated back to the date of the criminal offense, thus curing the defective suspension order which under R.C. 124.34 was required

9.

to be for a fixed, not indefinite, duration. *Id.* The court disagreed and awarded Baran back pay for the duration of his indefinite suspension. *Id.* The Supreme Court of Ohio affirmed.

{¶ 22} Reviewing *Baran*, we find that there are critical factual distinctions between it and this case. First, this case is governed by the procedures in R.C. Chapter 3319, not R.C. 124.34, and there is no requirement that a suspension be for a fixed duration. Next, in *Baran*, the charges forming the first order of suspension were dropped pursuant to a plea agreement.

{¶ 23} Finally, appellant's argument that the allegations at issue in *Baran* are similar to those in this case does not bear out. In *Baran*, the initial allegation was that he could not perform his duties "due to the nature of the indictment." *Id.* at 413. In this case the Board similarly alleged that appellant was "unable to perform the duties of a superintendent" due to the arrest, incarceration, and charge. However, the specific duties of a superintendent, as set forth in the job description and part of the termination record include, inter alia: "[s]erves as the board liaison to residents, other school systems, institutions, and community organizations;" "[p]rovides staff leadership;" "maintains open and effective communications with board members, staff, and the community;" and "[s]trives to develop rapport and serves as a positive role model for others." There is no suggestion that the employee in *Baran* held a similar position of community trust and accountability.

10.

{¶ 24} Further distinguishable is the fact that, under R.C. 3319.40 and 3319.31, appellant was required to be suspended "from all duties that require the care, custody, or control of a child." Thus, based on this fact alone, appellant was not able to perform his job duties.

{¶ 25} Upon careful review of the lower court's decision, the record in this case, and the applicable law, the court's conclusion that appellant was terminated for "good and just cause" was not an abuse of its discretion. Clearly, the evidence presented at the hearing demonstrates that, by virtue of the nature of the charge and media attention and the mandatory suspension, appellant lost community confidence and support and the ability to perform his job duties. And, like the lower court, we agree that appellant's subsequent conviction, incarceration, and classification as a Tier II Sexual Offender cannot be ignored. Appellant cannot be employed as an administrator or a teacher due to his conviction for one of the crimes enumerated under R.C. 3319.19(B). Further, the notion that the Board would be required to postpone termination proceedings is untenable. Appellant's first assignment of error is not well-taken.

{¶ 26} In appellant's second assignment of error he argues that the court erroneously considered evidence outside the termination record in affirming the Board's decision. Specifically, appellant argues that the court erred in considering his *Alford* plea and conviction. Conversely, the Board asserts that R.C. 3319.16 specifically permits the admission of additional evidence. The relevant part of the section provides: "The court shall examine the transcript and record of the hearing and shall hold such additional

11.

hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record."

{¶ 27} The role of a common pleas court on review of an appeal of a termination has "characteristics both of an original action with evidence presented, and a review of an administrative agency's decision based upon a submitted record." *Douglas v. Cincinnati Bd. of Edn.*, 80 Ohio App.3d 173, 177, 608 N.E.2d 1128 (1st Dist.1992); *Houck v. Bd. of Edn., Greenhills-Forest Park City School Dist.*, 1st Dist. Hamilton No. C-800358, 1981 WL 9862 (June 24, 1981).

{¶ 28} Appellant argues that contrary to R.C. 3319.16, the court conducted no additional hearings and acknowledged that no additional evidence was presented. It then proceeded to consider the evidence argued in and attached to the Board's motion.

{¶ 29} Reviewing the court's decision, it specifically found that the Board was not required to prove that appellant's criminal conduct justified the termination "it merely ha[d] to show that because of the accusations that the Superintendent could no longer effectively perform his duties regardless of any orders to stay away from the workplace." As set forth above, the court did indicate its knowledge of the fact of appellant's conviction and sentence. Again, the court indicated that such fact was not "dispositive" of the case. Whether the court struck the arguments and the exhibits attached to the brief would not have changed the outcome of the case. Independent of the Board's brief, the court was quite familiar with the criminal proceedings and, in fact, was the same judge that sentenced appellant. We conclude that the court cannot be expected to ignore the

12.

fact that appellant, under no circumstances, could not be restored to either his superintendent or teaching positions and that the Board suspended him in accordance with R.C. 3319.40.

{¶ 30} Based on the foregoing, we find that the trial court did not improperly consider additional evidence. Appellant's second assignment of error is not well-taken.

{¶ 31} Appellant's third assignment of error argues that the trial court erred by failing to consider appellant's good employment record and reputation prior to or at the time it issued the order of termination thereby rendering the order contrary to law. Appellant asserts that such consideration is required. It has been held that:

> Where * * * the relevant statutory provisions and the teaching contract itself provides for a range of possible sanctions for a particular offense, it is necessary that a superintendent take into account a teacher's employment record prior to recommending a particular sanction. Moreover, the sanction imposed should be commiserate with the offense and the individual surrounding circumstances.

*Katz*, at 263, 622 N.E.2d 1. We note that *Katz* involved a case where a single incident of falsely using sick time for a portion of a family vacation in light of an unblemished work record and pressing marital issues failed to support termination.

{¶ 32} The Board contends that progressive discipline is not always warranted and a single, severe offense can support termination in the absence of any prior discipline. We agree.

13.

{¶ 33} The Board's decision expressly indicated that it rejected any consideration appellant's employment record; in other words, the charge and fallout was so severe that an unblemished record was immaterial. The lower court's judgment entry did acknowledge, however, that in its review of the record it did consider appellant's employment record. Specifically, the court recognized that appellant had been "well recommended and performed his duties to the satisfaction of the Board." Finding no error, we reject appellant's argument and find his third assignment of error not well-taken.

{¶ 34} In appellant's fourth and final assignment of error, he argues that the court erroneously failed to address his claims regarding his right to a continuing teacher contract. Appellant contends that the court affirmed only the Board's termination of his superintendent contract, but that there was no evidence of a finding that the termination of his teaching contract was supported by "reliable, probative, and substantial evidence."

{¶ 35} The Board counters that the evidence presented at the referee hearing supported the termination of appellant's teacher contract. The Board further asserts that the grounds it listed in support of termination supported both the termination of the superintendent contract as well as the teacher contract.

{¶ 36} R.C. 3319.16 sets forth the good and just cause standard applicable to the termination of administrators as well as teachers. The Board specifically found that the grounds it enumerated supported the termination of both contracts. While the court focused on Charge 6 and the superintendent contract, it did not specifically reject the

14.

other findings.  The court also stressed that appellant's mandatory suspension under R.C. 3319.40, rendered him unable to perform his duties.

{¶ 37} Based on the foregoing, we find that the court did not abuse its discretion in upholding the Board's order terminating appellant's teacher contract.  Appellant's fourth assignment of error is not well-taken.

{¶ 38} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Logan County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                           JUDGE
Thomas J. Osowik, J.            

                                           _____
Christine E. Mayle, P.J.                                      JUDGE
CONCUR.

                                           _____
                                           JUDGE

Judges Mark L. Pietrykowski, Thomas J. Osowik, and Christine E. Mayle, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.